UNITED STATES of America,
Plaintiff-Appellant,

v.

Harry GORDON et al., Defendants-
Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Frank ROSENTHAL et al., Defendants-
Appellees.

Nos. 71-2982, 71-2999.

United States Court of Appeals,
Ninth Circuit.

June 30, 1972.

Sidney M. Glazer, Atty. (argued), Beatrice Rosenberg, Kenneth L. Greenman, Jr., Attys., Washington, D. C., Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for plaintiff-appellant.

Bruce I. Hockman (argued), Hockman, Salkin & De Roy, Los Angeles, Cal., Jerry J. Kaufman (argued), of Jones, Jones, Close, Bilbray, Kaufman & Olsen, Louis Weiner, Jr., of Weiner, Goldwater, Galatz & Raggio, Ltd.; Grant Sawyer, of Lionel, Sawyer, Collins & Wartman, Las Vegas, Nev., Charles A. McNelis, of Welch & Morgan, Washington, D. C., Oscar B. Goodman, Las Vegas, Nev., for defendants-appellees.

Before CHAMBERS and WRIGHT, Circuit Judges, and PREGERSON, District Judge *.

PER CURIAM:

The district court dismissed the indictment in these two cases on the ground that licensed Nevada bookmakers and their employees do not engage in an "illegal gambling business," within the meaning of 18 U.S.C. § 1955, by violating non-penal regulations of the Nevada Gaming Commission. We agree and affirm the district court's decision.

18 U.S.C. § 1955 reads in pertinent part as follows:

Prohibition of illegal gambling businesses.

(a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined not more than $20,000 or imprisoned not more than five years, or both.

(b) As used in this section—
(1) "illegal gambling business" means a gambling business which—
(i) is a violation of *the law of a State* or political subdivision in which it is conducted  *  *  *.
[Emphasis added.]

These two cases hinge on the construction of the phrase, "the law of a State." Relying on United States v. Howard, 352 U.S. 212, 77 S.Ct. 303, 1 L.Ed.2d 261 (1957), the government's basic position is that a business may be a violation of "the law of a State," within the meaning of § 1955, without being a violation of the State's criminal laws. The government's reliance on United States v. Howard, *supra*, is misplaced. In *How-*

---

* Honorable Harry Pregerson, United States District Judge for the Central District of California, sitting by designation.

*ard* a violation of the applicable regulation of the Florida Game Commission was punishable as a crime. Here a violation of the applicable Nevada Gaming Commission regulation can lead only to civil sanctions.

As used in § 1955, the pivotal words, "the law of a State," suffer from ambiguity. Those words can reasonably be construed to cover gambling businesses that are only in violation of state penal laws, or to embrace gambling businesses that are in violation of any state law—criminal or civil. In United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971) the Supreme Court said: "Thus, where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." That principle applies here. Therefore, we affirm the district court's dismissal of the indictments.