# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1551

_____

| | | |
|---|---|---|
| The People of the State of Missouri, ex rel. Stephen B. Small; Stephen B. Small, by and on behalf of himself and all others similarly situated, | * * * * * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Harrah's - North Kansas City Corporation, a Missouri Corporation doing business as Harrah's North Star, doing business as Harrah's Lucky Star; Flamingo Hilton Riverboat Casino, a partnership; Kansas City Station Corporation, doing business as Kansas City Station River Queen Casino, doing business as Kansas City Station River King Casino; Missouri Gaming Corporation, doing business as Argosy Riverside Casino, | * * * * * * * * * * * * * | District Court for the Western District of Missouri.  [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: January 12, 2000

Filed: February 15, 2000

_____

Before HANSEN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Alleging personal losses of nearly $100,000 in Missouri casinos, lawyer Stephen B. Small brought this action pro se against the casinos both individually and on behalf of similarly situated persons.  In addition to state law claims, Small alleged the casinos violated the Racketeer Influenced & Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, which prohibits any act indictable under 18 U.S.C. § 1955.  See 18 U.S.C. § 1961(1) (1994).  Section 1955 prohibits "illegal gambling businesses" and defines them as those that violate state law.   See id. § 1955(b)(1)(ii).  Although the casinos possess state-issued gaming licenses, Small alleges the licenses are invalid because the casinos are not on the Mississippi or Missouri Rivers, the places gambling is allowed by the Missouri Constitution.  Based on the allegedly unconstitutional licenses, Small contends the casinos violate Missouri law prohibiting the operation of unlicensed gambling facilities. See Mo. Stat. Ann. § 572.030 (Vernon 1995) (promoting gambling in the first-degree is a felony); id. § 572.090 (in addition to criminal sanctions, gambling houses may be enjoined as a nuisance); id. § 572.010 (4) ("gambling" within meaning of chapter 572 does not include licensed activity).   In separate rulings, the district court dismissed Small's complaint against each casino for failure to state a claim.  Small appeals.

In November 1998, Missouri voters approved a constitutional amendment expanding the definitions of the Mississippi and Missouri Rivers to include artificial spaces containing water that are within 1000 feet of the closest edge of the main river channels.  The amendment retroactively would legalize any gaming license issued earlier to any facility located in those artificial spaces, like the casinos in this case. We do not decide the constitutional validity of the gaming licenses under the Missouri Constitution.  For our purposes, we only need observe that each of the casinos possesses a gaming license that is valid on its face.  Because the casinos possess

gaming licenses that are facially valid, the operation of the casinos does not violate Missouri criminal law, a necessary element of Small's RICO claim. See United States v. Gordon, 464 F.2d 357, 357-58 (9th Cir. 1972) (per curiam) (gambling business must violate state criminal law, rather than civil law, to fall within prohibition in 18 U.S.C. § 1955).

Having carefully considered all of Small's arguments, we affirm the district court's rulings without further discussion. We also deny Small's motion for sanctions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.